Nicholson, G. J.,
delivered the opinion of the Court.
Maria L. Mitchell, the widow and administratrix of H. J. Mitchell, sued the E. T., V. & Ga. R. R. Co., ia the Circuit Court of Washington county, for injuries to H. J. Mitchell, which caused his death, and claimed $50,000 damages for the loss sustained by herself and her three children. Upon the trial of the cause the-jury rendered a verdict against the Company for $10,-000. The Company has appealed.
The first error relied on for a reversal of the judgment is, for misdirection of the court to the jury. The Judge commenced his charge as follows:
“To have a verdict, plaintiff must prove that defendant was a common ■ carrier of passengers; that deceased was a passenger; that the injury was caused by the running of the wheels of the car over the person of deceased, as charged, and that this injury resulted in his death. Upon proof of these facts, without more, the law presumes liability; and if there is no explanatory evidence, showing that the injury resulted from the conduct of the deceased on the one hand, or that defendant had taken all necessary precaution, reasonably requisite to prevent like injuries, and was then in the exercise of that care and diligence required of carriers of passengers, this presumption of liability will continue, and plaintiff may recover.”
*402 As there was no controversy as to the facts, that the Company was a common carrier of passengers, that the deceased was a passenger, and that he was injured by the running of the wheel of a ear over his person, the effect of this charge was to instruct the jury that they should enter upon the examination of the case,with the presumption that defendant was liable, and that this presumption was sufficient to authorize a verdict for the plaintiff, unless it should be overturned by proof showing either that the injury resulted from the conduct of the deceased on the one hand, or from the negligence of the defendant on the other hand. It is assumed that this presumption of liability results from the simple fact that deceased received the injury from which he died, while making his egress from the train on which he was a passenger, and without any reference to the question of negligence, either on his part or that of the defendant’s agents. Can the instruction be maintained’ as sound law, to the full extent in which it is given ?
In examining this question, it is proper to bear in mind a difference that exists between the liability which attaches to a common carrier of goods and that of a common carrier of passengers. It is agreed on •all hands that carriers of passengers are only liable for negligence, either proximate or remote, and that they are not insurers of the safety of their passengers, as they are as common carriers of goods. 2 Redf. Railw., sec. 176. When it is shown that goods in the possession of a common carrier have been injured or lost, the presumption of liability arises, and can only *403 be removed by proof of loss or injury by the act of God or the public enemy. But the common carrier of passengers does not warrant their safety at all events, but his liability as to them goes to the extent that he possesses competent skill; and that so far as human care and foresight can go, he will transport them safely. Stokes v. Sattenstall, 13 Pet., 192.
It would seem to follow, that until the proof shows, either the want of the proper skill on the part of common carriers of passengers, Or the absence of that care and foresight required for the safety of passengers, no liability can attach. Yet it is true, that in 2 Redf. on Railways, sec. 176, the principle is laid down in the following broad terms: “The fact that injury was suffered by any one while upon the Company’s train as passenger, is regarded as prima facie evidence of this liability.”
As a general proposition, this statement of the rule is sustained by many authorities, and is undoubtedly correct in all cases in which the proof which shows the injury, shows also circumstances from which some degree of negligence or want of skill may be attributed to the carrier as the proximate cause of the injury. Sherman & Redfield on Yegligence, 286, say that, “Though it has been frequently said in course of judicial decisions, that the mere fact of an injury suffered by a passenger while on his journey, is sufficient to raise a presumption of negligence on the part of the carrier, yet this is a doctrine altogether too broad to be sustained, and it has been expressly overruled in cases of high authority.” These authors deduce the *404 following as the correct rule: “ The law therefore requires, in an action against a carrier for injuries suffered by a passenger, prima facie proof that the proximate cause of such injuries was the want of something which, as a general rule, the carrier was bound to supply, or the presence of something which, as a general rule, the carrier was bound to keep out of the way.” It follows, that when the proof that shows the injury, fails to show the want of something which the carrier was bound to supply, or the presence of something which he was bound to keep out of the way, no presumption of negligence can arise. In such case the plaintiff must go further and make out his case by evidence which fixes negligence on the carrier. This rule was well illustrated in 'two cases relied on in support of the judge’s charge. The first is the case of Stokes v. Sattenstall, 13 Pet., 190. In that case Sattenstall sued Stokes for an injury sustained by his wife by the upsetting of a stage-coach in which she was a passenger. The court held, that “the facts the carriage was upset, and the plaintiff’s wife injured, are prima facie evidence that there was carelessness, or negligence, or want of skill on the part of the driver.” These facts furnish a prima facie case of the want of that skill which the carrier was bound to supply, and that this want of proper skill was the proximate cause of the injury.
The other case is that of Horne v. M. & C. R. R. Co., 1 Col., 72. This was an action against the Company for. killing a cow. Upon proof of the killing of the cow by the locomotive, the court held that the onus *405 proband,i is thrown upon the defendant. This was clearly correct, because the proof of the injury showed the presence of something on the road which the Company was bound to keep away.
But in the case now before us, proof of the fact that the deceased fell, in leaving the car, and was injured by the wheel running over his leg, does not show the want of something which the defendant was bound to supply, or the presence of something which defendant was bound to keep away. Erom this proof we have no right to presume that the train had not stopped a reasonable time at the station, nor that the agents of the Company had failed to give all the signals and discharge all the duties imposed on them, nor that sufficient platforms were not provided for the ingress and egress of passengers. Until the contrary is shown, the defendant is entitled to the presumption that he had discharged all the duties imposed upon him. He is entitled also to the presumption that the deceased was a reasonable man — that he understood his duties and his rights as a passenger — and that his "mode of leaving the cars was voluntarily selected. Upon the simple proof of the injury no presumption against either the carrier or the passenger could arise; but it was incumbent on the plaintiff to go further and show not only the injury, but that it was the result of the negligence of the defendant in error.
But it is insisted for defendant in error, that if. the charge of the Circuit Judge was erroneous, it was not such error as for which the judgment should be reversed. It is said that the record shows that on *406 the trial the 'plaintiff did not rest her case upon the proof of the facts from which the court told the jury, the liability of defendant was to be presumed, but went fully into all the evidence before resting her case; and, that the principle stated in the charge was, at most, in view of the facts of the record, with reference to such facts, but the statement of an abstract principle, for which, if erroneous, the court will not reverse, the same not going to the merits of the case. The portion of the charge objected to as errneous, was intended to instruct the jury as to the manner in which they were to examine the proof in the case. They were told that if defendant was proved to be a common carrier of passengers, and if deceased was a passenger, and if he was injured as charged, that these facts,, without more, would entitle plaintiff to a verdict, unless defendant should overturn by proof the presumption of liability arising from the facts stated. This gave to-the plaintiff the advantage, in the examination of the case, of a presumption of liability, which threw upon the defendant the burden of overturning it; whereas, if the law had . been correctly charged, the plaintiff would have been compelled to prove the averment of negligence as well as the facts of the injury, before-being entitled to a verdict. The plaintiff was bound to make out a case of negligence by proof — whereas,, under the charge, liability was to be presumed without other proof than the injury received, and by this errror the burthen of proof was shifted from the plaintiff to the defendant. It was not an erroneous statement of an abstract principle of law, but of a principle of law *407 which was directly applicable to the facts of the case and which may have had a material influence on the deliberations of the jury.
The next error assigned for plaintiff in error is, in the concluding portion of the charge, in which the Judge told the jury, “if you find for the plaintiff, damages will be assessed in view of the character of the injury and loss sustained by the widow and children of the deceased.” It is said that under our statute-authority, in such suit damages can only be recovered for the injury done the deceased, and not for losses-sustained by the widow and children by the death of the husband and father. Such was the construction given to this statute in the case of the Louisville & Nashville R. R. Co. v. Burke, 6 Col., 45; but in the Nashville & Chattanooga R. R. Co. v. Prime, 2 Heis., 587, this case was overruled, and it was held that the damages sustained by the widow and children could be recovered. There was, therefore, no error in this portion of the charge. TSTor was it reversible error in the court to fail to state more fully the character of the losses for which plaintiff was entitled to recover damages, inasmuch as the Judge was not requested to-give fuller instructions.
Defendant assigns it as error, that the court allowed plaintiff to recall and re-examine Martha D. Williams, against his objection and without stating the matter on which witness was to be re-examined. Plaintiff declined to state what was proposed to be proved, but said witness had omitted to testify to an important fact which would be shown by the witness who desired to *408 make the explanation. Defendant’s counsel insisted that the plaintiff should state whát the proposed testimony was, that the court might determine whether the witness might be examined by plaintiff. The court overruled defendant’s objection and held that without stating the point the plaintiff - could proceed with the examination. After stating that she had talked with some of the witnesses and had heard no one state what had been sworn after she had retired from the witness stand, she said: “ There was one word she had forgotten to state before when she was on the stand; Mr. Farnsworth asked Mr. Mitchell how it was he.got hurt — he repeated the question a second time— Mr. Mitchell replied, they did not give me time to get off.” The record shows no motion to exclude the evidence. The plaintiff there rested her case.
It appears that similar declarations of the deceased-were offered in proof by other witnesses, and being objected to by defendant, were excluded. It is clear that the testimony was incompetent, and upon the ruling of the court as to other witnesses would have been excluded, if defendant, had so moved.
■ The re-calling and re-examining of the witness was a matter within the discretion of the court — but this discretion should have been so exercised as to do no wrong to plaintiff by excluding testimony which had been unintentionally omitted — and to defendant by admitting testimony which might be incompetent, or might have been suggested by improper influence after her first examination. To do this, the court should have required the counsel for plaintiff to state the testimony *409 omitted, that the court might determine its competency or relevancy. It was error to allow the witness to state the omitted matter as evidence, against the objection of defendant. It is obvious that if it had been stated as demanded by defendant, the court would have excluded it, under the former rulings during the examination of other witnesses. The result was, that by failing to require the omitted 'matter to be stated in advance, incompetent testimony was given to the jury. It is true the defendant might have moved to exclude the alleged evidence and the court might have excluded it, but it is not clear that he could thereby have wiped out the impression made on the jury. Besides, it was the duty of the court, without motion, to have withdrawn the testimony, after finding that by allowing plaintiff to be re-examined without stating the matter omitted, he had allowed testimony to be given to the jury of the same character of that which he had already determined to be incompetent, when offered by other witnesses. We are therefore of opinion that there was error under the circumstances, both in allowing the testimony to be given, and in not excluding it after it was given.
For the errors indicated, the judgment will be reversed and a new trial awarded.